UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRANDON GIBSON,

Petitioner,

v.

JEFF WALTON, Duluth Federal Prison Camp, Warden,[1]

Respondent.

CIVIL NO. 05-2600 (JNE/JSM)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Petitioner's Petition for Writ of Habeas Corpus under Title 28 U.S.C. Section 2241[Docket No. 1].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITH PREJUDICE.**

## I. FACTUAL BACKGROUND

Petitioner is a federal prisoner currently incarcerated at the Federal Prison Camp Duluth, Minnesota ("FPC Duluth"). See Declaration of Angela Buege ("Buege Decl."), ¶ 3. Petitioner was sentenced by the United States District Court for the District of

[1] The Government argued that the named Respondent in this case should be acting warden Jeff Walton at the Federal Prison Camp-Duluth, rather J.F. Caraway. Petitioner has not objected to the change, and the caption of this document reflects that change.

Minnesota to a 120-month prison term, followed by five years of supervised release for Possession with Intent to Distribute Approximately 128 Grams of Crack Cocaine. See Buege Decl., Attachment A. Petitioner has a projected release date of August 26, 2012, under good conduct time release. Id.

On or about February 8, 2005, Petitioner filed a Request for Administrative Remedy, Form BP-9, stating that upon successful completion of a residential drug treatment program ("RDAP") he should be entitled to a one-year reduction in his sentence. In support of his request, he stated that Bureau of Prisons ("BOP") Program Statement 5162.04 and 28 C.F.R. § 550.58, which categorically prohibit reductions in sentences for those inmates whose offense is a felony and involved the carrying of a firearm, are invalid. See Pet.'s Mem.

While Petitioner is not eligible to enroll in the RDAP program until August 2009, approximately three years prior to his projected release, the BOP determined that he is ineligible for early release consideration under 18 U.S.C. § 3621(e) because he had received a two-point enhancement for firearms as part of his sentence. Buege Decl. ¶ 4; 28 C.F.R. § 550.56; 28 C.F.R. § 550.58. According to the BOP, under BOP Program Statement 5162.04, inmates who receive sentencing enhancements for a possession of a firearm relating to the conviction of a felony drug offense, will not be granted early release. See Id. ¶ 4, Attachment B.

## II. DISCUSSION

This Petition concerns the federal inmate early release program created under 18 U.S.C. § 3621(e) and the BOP's application of regulations making certain categories of inmates ineligible for early release under this program. See 28 C.F.R. § 550.58;

Program Statement 5162.04 Categorization of Offenses. In particular, Petitioner claims that: (1) the BOP is abusing its statutory discretion by basing its decision to exclude him from consideration for early release under the RDAP on a two-point sentence enhancement for being in possession of a firearm; (2) the BOP is relying on Program Statement § 5162.04 to deny him eligibility for early release upon successful completion of the RDAP, but the Program Statement is invalid; and (3) the BOP is violating Petitioner's rights to due process and equal protection by excluding him from early release upon successful completion of the RDAP. See Pet.'s Mem., at 4.

**A. Statutory Authority under 18 U.S.C. § 3621**

Petitioner argued that the BOP abused its statutory authority by denying him a sentence reduction for completion of the RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B). This Court disagrees. Section 3621(e) offers inmates who are convicted of nonviolent offenses and successfully complete a drug treatment program the opportunity for a sentence reduction as an incentive to participate in treatment. Specifically, 18 U.S.C. § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a non-violent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

To implement § 3621, the BOP promulgated regulation 28 C.F.R. § 550.58 and Program Statement 5162.04, which set forth the eligibility for the early-release incentive. See Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999). Section 550.58 provides in relevant part:

> a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (vi) Inmates whose current offense is a felony:
>
> * * *
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon. . .

Program Statement 5162.04 § 7 allows the BOP to preclude individuals found guilty of drug offenses that involved possession of a dangerous weapon during the commission of the offense. See Buege Decl., Attachment B.

Here, Petitioner was found guilty of Intent to Distribute Approximately 128 Grams of Crack Cocaine and was given a two-point sentencing enhancement for possession of firearms. See Buege Decl. ¶ 4, Attachment A. The United States Supreme Court has found that the BOP may categorically exclude prisoners based on their preconviction conduct and that the BOP reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggested his readiness to resort to life-endangering violence. See Lopez v. Davis, 531 U.S. 230, 244 (2001). Therefore, this Court concludes that a decision by the BOP not to release Petitioner early, based on his possession of a firearm in connection with the commission of a felony drug offense, is proper.

Further, even if this Court ignored the BOP's determination that a felony conviction of a drug offense, coupled with a sentencing enhancement for firearms, precluded an inmate from being eligible for early release by participating in RDAP, the

"language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release." Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000) (citing Bellis, 186 F.3d at 1094); see also Lopez, 531 U.S. at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); Grove v. Federal Bureau of Prisons, 245 F.3d 743, 746 (8th Cir. 2001) ("Section 3621(e)(2)(B) provides the BOP with *discretionary* authority. . . .") (emphasis in original). Thus, given that there is nothing in 18 U.S.C. § 3621(e)(2)(B) that mandates early release, this Court does not find that BOP violated its statutory authority when it notified him that he was not entitled to a sentence reduction for completion of the RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B).

**B. APA Claim**

Petitioner also argued that the BOP failed to comply with the APA when promulgating either 28 C.F.R. § 550.58 or Program Statement 5162.04 (or both), which bear on his alleged right for an early release for participating in a RDAP. See Pet.'s Mem., at 5-7. The APA requires agencies, including the BOP, to provide notice of a proposed rule and a public comment period. See 5 U.S.C. § 553; see also United States v. DeLeon, 330 F.3d 1033, 1036 (8th Cir. 2003) ("The APA's rulemaking provisions require three steps to enact substantive rules: notice of the proposed rule, a hearing or receipt and consideration of public comments, and the publication of the new rule."). On October 9, 1997, the BOP issued Program Statement 5162.04, which placed certain criminal offenses into categories that would preclude receipt of program benefits.

See Sizemore v. Marberry, No. 04-CV-72282-DT, 2005 WL 1684132, at *1 (E.D. Mich. July 14, 2005). This program statement was promulgated a second time on October 15, 1997. In this second promulgation, the BOP labeled the Program Statement an interim regulation, and made it effective on October 9, 1997, while it solicited public comments through December 15, 1997. See 62 Fed. Reg. 53,690, 53,691; Sizemore, 2005 WL 1684132, at *2. On December 22, 2000, the BOP replaced the 1997 interim regulation with a final regulation, which adopted the 1997 regulation. See 65 Fed. Reg. 80,745. While the Ninth Circuit in Paulsen v. Daniels, 413 F.3d 999, 1008 (9th Cir. 2005) has concluded that "the 1997 interim regulation is invalid as to those persons disqualified by it prior to the issuance of the final rule," in this case, Petitioner has not even enrolled in the RDAP. See Buege Decl., ¶ 4. When, and if Petitioner does enroll in RDAP, this event will occur after the BOP adopted its final regulation on December 22, 2000. As such, any argument surrounding the adoption of the interim version of 28 C.F.R. § 550.58 has no application to Petitioner and must fail.

This Court also finds that there is no APA violation as to Program Statement 5162.04 since program statements are internal agency guidelines not subject to the notice and comment requirements of the APA. See Reno v. Koray, 515 U.S. 50, 61 (1995) (describing a BOP program statement as an "internal agency guideline . . . akin to an 'interpretive rule' that 'do[es] not require notice and comment'") (quoting Shalala v. Guernsey Mem'l Hosp., 514 U.S. 87, 99 (1995)); see also 5 U.S.C. § 553(b)(3) (notice and comment period of APA does not apply to "to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice."); Gunderson v. Hood, 268 F.3d 1149, 1155 (9th Cir. 2001) (finding program statements,

are not subject to the APA's notice and comment requirements); Royal v. Tombone, 141 F.3d 596, 600 (5th Cir. 1998) (same) (citation omitted).[2]

**C. Due Process and Equal Protection Claims**

Petitioner claimed that the BOP's decision to exclude him from early release violated his right to due process and equal protection. See Petitioner's Mem., at 4. Petitioner made no argument and provided no case law in support of this assertion. Consequently, it is presumed that Petitioner is waiving this claim. Even if he was not, this Court finds that there is no liberty interest in a reduced sentence, and 18 U.S.C. § 3621(e)(2)(B) does not afford such an interest. See Hernandez v. Lindeman, No. CIV. 00-1165 (JRT/FLN), 2002 WL 31163074, at *3 (D. Minn. Sept. 24, 2002) (finding that even if defendant had exhausted his administrative remedies concerning his ineligibility to participate in a RDAP, he could not prevail on a due process claim, because § 3621(e) does not create a liberty interest cognizable under the Due Process Clause); see also Egan v. Hawk, 983 F. Supp. 858, 864 (D. Minn. 1997) (noting that although § 3621(e)(2)(B) allows the BOP to shorten an inmate's sentence by up to one year, it does not mandate such a reduction, as conditional language did not create a liberty interest) (citing Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979)); see

2 Petitioner attached a case to Petitioners Response to Respondents Opposition to Petitioners Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 [Docket No. 8]. Petitioner asked this Court to assist him in obtaining the cite or case number to this attached case. After researching the issue, the Court found that the case attached by petitioner is Hobbs v. Hemingway, No. 04-CV-70678-DT (E.D. Mich. July 16, 2004). Petitioner also asked the Court to consider Hobbs in conjunction with his initial habeas petition. The Court declines to follow the holding in Hobbs for at least two reasons. First, Hobbs is an unpublished case from the Eastern District of Michigan and has no precedential value in this Court. Second, Hobbs no longer appears to be good law in the Eastern District of Michigan based on more current rulings from that district. See Sizemore, 2005 WL 1684132, at *1-4 (considering more recent case law and different arguments than those set forth in Hobbs).

generally, Lopez, 531 U.S. at 239-41 (noting as significant Congress's use of "may" rather than "shall" in § 3621(e)). Further, having concluded that there was nothing unlawful about the BOP's decision to deny Petitioner early release based on his completion of the RDAP, the Court can find no grounds for Petitioner's equal protection claim.

In sum, for the reasons stated above, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, as it relates to the BOP's refusal to give him early release for participation in RDAP, be dismissed.

## III. RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED THAT:

1. The Petition for Writ of Habeas Corpus under Title 28 U.S.C. Section 2241 [Docket No. 1] be **DENIED**;

2. This matter be dismissed with prejudice.

Dated: April 27, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 15, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.